## Ramer v. Ramer

*Myron M. Moskowitz,* for plaintiff.
*James N. Bryant,* for defendant.

KREHEL, *P.J.,* August 6, 1985—Before this court is defendant's petition questioning venue pursuant to Pa.R.C.P. 1017 and 1006(d). Rule 1006(d) states in appropriate parts:

"(d) For the convenience of parties and witnesses the court upon petition of any party may transfer an

action to the appropriate court of any other county where the action could originally have been brought. . . ." Both parties have submitted briefs on the petition.

On April 25, 1985, plaintiff filed a complaint in divorce in Northumberland County and claimed residency therein.

On May 21, 1985, defendant replied to the complaint by filing the petition questioning venue.

On June 10, 1985, plaintiff filed a preliminary objection to defendant's petition questioning venue.

This case was then scheduled for argument on August 5, 1985. Attorneys for both parties agreed to allow the case to be decided on briefs alone.

Defendant argues that this action should be transferred to Centre County because all the marital assets are located there and the parties resided there while married.

Plaintiff contends that the venue is proper in Northumberland County because the venue requirements have been met. Plaintiff argues that the essential rule in question is Pa.R.C.P. 1920.2, which states:

"The action, except a claim for custody, may be brought only in the county in which plaintiff or defendant resides."

The burden of proof in this matter rests with defendant, as the moving party. Defendant has not given this court adequate argument that this is not the proper venue for this action to be heard. Defendant has not met his burden.

In Bowerman v. Tomhave, 8 D.&C.3d 556 (1978), the court states that "In applying the equitable standards of transfers of cases from one venue or county to another, the right of plaintiff to choose his own forum is of paramount consideration." 8 D.&C.3d at 557. It continues to say that plaintiff's

choice of forum should only be disturbed for weighty reasons. Finally Bowerman states that "Unless the balance is strongly in favor of the moving party, plaintiff's choice will not be disturbed." 8 D.&C.3d at 557.

Defendant, to prevail with his petition questioning venue, must not only show that the forum is inconvenient to him, but also that it is inconvenient for the opposing party. Defendant in this matter did not do so, and Northumberland County is obviously a convenient forum for plaintiff, since she resides here and filed her complaint in this county.

In Confer v. Confer, 22 D.&C.3d 499 (1982), the Superior Court was faced with a similar factual situation. The Superior Court stated that if plaintiff resides in the county in which the action is pending at the time preliminary objections are filed, the residency requirement for proper venue is met. 22 D.&C.3d at 500.

The failure of defendant to meet his burden of proof of Pa.R.C.P. 1006(d) and the above case law as stated are sufficient reasons for this court to deny defendant's petition questioning venue.

Accordingly, we enter the following

### ORDER

And now, this August 6, 1985, defendant's petition questioning venue is denied.